UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| ANINDA MUKHERJEE,<br><br>       Plaintiff,<br><br>   v.<br><br>JENNIFER B. HIGGINS,<br><br>       Defendant. | Case No.  25-cv-01251-SK<br><br><br>**SCHEDULING ORDER FOR**<br>**IMMIGRATION MANDAMUS CASE** |



This action seeks a writ of mandamus regarding immigration benefits filed pursuant to the mandamus statute, 28 U.S.C. § 1361, and/or the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*, and is assigned to the Honorable Sallie Kim.

**Magistrate Judge Jurisdiction.** This case has been randomly assigned to a magistrate judge, who, with written consent of all parties, may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions, with appeal directly to the United States Court of Appeals for the Ninth Circuit. See "Consenting to the Jurisdiction of a Magistrate Judge" on the Court's webpage at www.cand.uscourts.gov for more information.

Petitioner must complete and file the attached form "Consent or Declination to Magistrate Judge Jurisdiction" within 14 days of case initiation, and all other parties must file within 14 days of appearing in the case, or as otherwise ordered by the Clerk or magistrate judge.

**Important briefing deadlines.** Unless the court orders otherwise, counsel must comply with the briefing schedule below. Please note:

- Any party may request that the court set a case management conference, pursuant to Civil L.R. 16-10, according to the schedule in Civil L.R. 16-2. Federal Rule of Civil Procedure 26 and Civil L.R. 16-9 and 16-10 shall apply.

- Motions shall be noticed in accordance with Civil L.R. 7-2.

- A party may request that the court decide the matter on the briefs and without oral argument pursuant to Civil L.R. 7-1(b).

| Case Management Event | Deadline |
|---|---|
| Last day for Defendant to file answer | 60 days after service of complaint |
| Last day for Defendant to file motion for summary judgment (required unless Petitioner has already filed such a motion) | 120 days of service of the complaint |
| Last day for Petitioner to file and serve opposition and/or counter-motion | 30 days after service of Defendant's motion |
| Last day for Defendant to serve and file a reply and/or opposition | 14 days of service of Plaintiff's opposition or counter-motion |
| Last day for Plaintiff to serve and file a reply (if Plaintiff filed a counter-motion) | 14 days of service of Defendant's opposition. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### STANDING ORDER FOR
### MAGISTRATE JUDGE SALLIE KIM

*(Effective November 15, 2024)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at *http://www.cand.uscourts.gov*. The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

### CALENDAR DATES AND SCHEDULING

Motions are heard each Monday: civil motions at 9:30 a.m. and criminal motions at 11:00 a.m. During the months when Judge Kim is on criminal duty, the Court may move any civil motion to 11:00 a.m. Civil case management and status conferences are heard on Mondays at 1:30 p.m. Pretrial conferences are held on Fridays at 1:30 p.m. and trials will begin at 8:30 a.m. on Tuesdays.

Parties should notice motions pursuant to the local rules. Parties need not reserve a hearing date, but should confirm the Court's availability by viewing the scheduling notes for Judge Kim on the Northern District of California website at http://www.cand.uscourts.gov. The Court may reset hearing dates as the Court's calendar requires. For scheduling questions, please contact Judge Kim's courtroom deputy, Brenda Lopez at skcrd@cand.uscourts.gov or (415) 522-4158.



United States District Court
Northern District of California

1

## CONSENT CASES

2    In civil cases randomly assigned to Judge Kim for all purposes, the parties should file their

3 written consent to the assignment of a United States Magistrate Judge for all purposes or their

4 written declination of consent as soon as possible, and in no event later than the deadlines

5 specified in Civil L.R. 73-1(a)(1) and (2).

6

## CHAMBERS COPIES AND PROPOSED ORDERS

7    Under Civil L.R. 5-1 and 5-2, parties must lodge an extra paper copy of any filing, with the

8 exception of the written consent/declination to the assignment of a United States Magistrate Judge.

9 All chambers copies should bear the ECF filing "stamp" (case number, docket number, date, and

10 ECF page number) along the top of the page. All pleadings should be punched with three holes on

11 the side. All exhibits shall be clearly separated by tabs. Chambers copies must be marked

12 "Chambers Copy" and submitted to the Clerk's Office in an envelope clearly marked "Magistrate

13 Judge Sallie Kim," and include the case number on the envelope. The chambers copies must be

14 mailed or delivered to chambers according to the deadlines set forth in Civil Local Rule 5-1(e)(7).

15    Any stipulation or proposed order in a case subject to e-filing should be submitted in

16 Microsoft Word format by email to skpo@cand.uscourts.gov on the same day the document is e-

17 filed. This address should only be used for this stated purpose unless otherwise directed by the

18 Court.

19

## MOTIONS FOR SUMMARY JUDGMENT

20    Absent of a showing of good cause, the Court will address only one motion for summary

21 judgment per side. Separate statements of undisputed facts will not be considered by the Court.

22 Joint statements of undisputed facts are not required, but are helpful if completely agreed upon. If

23 parties submit excerpts of deposition transcripts in support of or opposition to a motion for

24 summary judgment, they shall highlight the relevant portions for ease of reference.

25

## CIVIL CASE MANAGEMENT

26    No later than seven (7) days prior to the any scheduled case management or status

27 conference, the parties shall file a Joint Case Management Statement in full compliance with the

28 Northern District of California's General Standing Order for civil cases entitled "Contents of

2

United States District Court
Northern District of California

1  Joint Case Management Statement." The parties shall appropriately caption their filing to read:

2  "Initial Joint Case Management Statement" or "Further Joint Case Management Statement" as

3  appropriate. In cases involving *pro se* litigants, the parties may file separate case management

4  statements.

5  Parties may not stipulate to continue a case management, status, or pretrial conference

6  without Court approval. Each party shall be represented in person at the Case Management

7  Conference by lead trial counsel (or a party if *pro se*), who shall be (1) prepared to address all of

8  the matters referred to in the Northern District of California's General Standing Order on Joint

9  Case Management Statements; and (2) have full authority to enter stipulations and make

10  admissions pursuant to that order. The Court conducts Case Management Conferences via Zoom

11  (public webinar). Permission for a party to attend by telephone may be granted, in the Court's

12  discretion, upon written request made at least two (2) weeks in advance of the hearing, if the

13  Court determines that good cause exists to excuse personal attendance and that personal

14  attendance is not needed in order to have an effective conference. The facts establishing good

15  cause must be set forth in the request. If the Court grants a party's request for telephonic

16  appearance, the party shall arrange for the appearance by calling **CourtCall at (888) 882-6878**

17  not later than **3:00 p.m.** the court day prior to the hearing date.

18  All motion hearings, case management, status and pretrial conferences conducted on

19  Zoom are recorded on Zoom. The hearing and conferences that are held in person are audio

20  recorded. They are not reported by a court reporter unless counsel requests a court reporter in

21  advance.

22  ## CIVIL DISCOVERY

23  Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil

24  Procedure 26 through 37 and the corresponding Civil Local Rules for the Northern District of

25  California. A copy of the Local Rules is available at the Clerk's Office and at the Court's website

26  (http://www.cand.uscourts.gov). No exceptions to the limitations established in the Federal and

27  Local Rules shall be permitted except pursuant to stipulation of the parties or order of the Court.

28

3

1    If parties believe a protective order is necessary, they shall, where practicable, use one of

2    the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder).

3    Parties shall file one of the following with their proposed protective order: (a) a declaration stating

4    that the proposed order is identical to one of the model orders except for the addition of case-

5    identifying information or the elimination of language denoted as optional; (b) a declaration

6    explaining each modification to the model order, along with a redline version comparing the

7    proposed protective order with the model order; or (c) a declaration explaining why use of one of

8    the model orders is not practicable.

9    Meet and confer requirement for discovery disputes. As an initial matter, the parties must

10    comply with Section 9 of the Northern District's Guidelines for Professional Conduct regarding

11    discovery (available at http://cand.uscourts.gov/professional_conduct_guidelines). Prior to filing

12    any discovery-related letter, lead trial counsel for all parties shall meet and confer in person, or

13    telephonically if an in-person conference is not feasible, regarding the discovery dispute(s) in an

14    effort to resolve these matter(s). If unable to resolve all disputes through this procedure, the party

15    seeking Court intervention may file an appropriate joint letter. Upon receipt of the filing, the

16    Court may order the parties to further meet and confer if the nature of the dispute is such that it

17    should be resolved without court intervention.

18    In the rare event that the parties are unable to meet and confer as directed above, or a

19    moving party is unable to obtain the opposing party's portion of a joint letter after the meet and

20    confer session, the moving party shall file a written request for a telephonic conference for the

21    purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an

22    alternative procedure. The written request shall include a declaration which states any attempt to

23    meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the

24    standing order, and (if possible) three dates and times at which all parties are available for a

25    telephonic conference. The moving party may attach exhibits to the declaration, but the

26    declaration and exhibits combined may not exceed seven pages. The Court will not excuse a

27    party from the requisite in-person or telephonic meeting unless good cause is shown.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Joint Letter. After meeting and conferring as set forth above, the parties shall draft and

2 file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer

3 session that contains the following:

4   (a) A cover page with the case caption and an attestation that the parties met and

5     conferred in person or telephonically before filing the letter, complied with Section

6     9 of the Northern District's Guidelines for Professional Conduct regarding

7     discovery prior to filing the joint letter, as well as the signature of both parties or

8     counsel;

9   (b) A section which sets forth the unresolved dispute and any pertinent factual

10     background, including relevant case management deadlines such as discovery cut-

11     off, pretrial conference and trial dates; and

12   (c) With respect to each issue relating to the unresolved dispute, a detailed summary

13     of each party's final substantive position and their final proposed compromise on

14     each issue, including relevant legal authority. This process allows a side-by-side,

15     stand-alone analysis of each disputed issue.

16   The joint letter shall not exceed eight (8) double-spaced pages, excluding the cover page,

17 without leave of Court, and may not be accompanied by exhibits or affidavits other than exact

18 copies of interrogatories, requests for production of documents and/or responses, privilege logs,

19 and relevant deposition testimony. The joint letter must be e-filed under the Civil Events category

20 of "Motions and Related Filings>Motions--General>Discovery Letter Brief." Upon receipt of the

21 joint letter, the Court will determine what future proceedings are necessary.

22   All exhibits to motions and/or discovery dispute letters should be separately filed on ECF.

23 For example, if the motion is Docket No. 30, and the declaration with ten exhibits is Docket No.

24 31, Exhibit A should be filed as Docket No. 31-1, Exhibit B should be filed as Docket No. 31-2, and so

25 on. All exhibits should be filed in a searchable OCR format where possible.

26   Document Responses. In responding to requests for documents and materials under Fed.

27 R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties,

28 the full extent to which they will produce materials and shall, promptly after the production,

5

confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

Depositions. Counsel shall consult in advance with opposing counsel to schedule depositions at a mutually convenient time and location. Counsel and parties must comply with Fed.R.Civ.P. 30(d)(1). Speaking objections are prohibited. When privilege is claimed, the witness must answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of the communication, the speaker, and other people who were present to hear the communication, and the subject matter, unless such information is itself privileged.

In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. Before calling, the parties must first send a short email describing the nature of the dispute to skcrd@cand.uscourts.gov. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

Discovery Hearings. In the event that a discovery hearing is ordered, the counsel shall appear *in person*. Permission for a party to attend by telephone or Zoom may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing should the Court determine that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request.

Privilege Logs. If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall promptly prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed. R. Civ. P.

6

26(b)(5).  The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

    (a)    The title and description of the document, including number of pages or Bates-number range;

    (b)    The subject matter addressed in the document;

    (c)    The identity and position of its author(s);

    (d)    The identity and position of all addressees and recipients;

    (e)    The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

    (f)    The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; and

    (g)    The specific basis for the claim that the document is privileged or protected. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

### MOTIONS TO SEAL

Any party who submits a request to file under seal pursuant to Civil Local Rule 79-5 shall include a statement to inform the Court: (1) whether the document, or portion thereof, has been the subject of a previous request to file under seal; and (2) if so, provide the docket numbers of the request and order on the request, and describe whether the request was granted or denied.  Parties shall also submit a complete unredacted chambers copy of any brief or supporting papers lodged under seal with all confidential material highlighted.  Parties are admonished that all requests to seal shall be narrowly tailored to seal only those specific portions that the parties contend are confidential.

### LESS EXPERIENCED LAWYERS

The Court strongly encourages parties to permit less experienced lawyers to have an important role in hearings and at trial.  The Court will extend the time limits for an associate with fewer than five years.

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1

### UNREPRESENTED (PRO SE) PARTIES

Parties representing themselves should visit the link titled "Pro Se Litigants" on the Court's homepage, www.cand.uscourts.gov/proselitigants. This section includes the Court's Pro Se Handbook and discusses the Legal Help Center, a free service for unrepresented parties, where you can speak with an attorney who may be able to provide basic legal help but not representation.

**IT IS SO ORDERED.**

Dated: November 15, 2024



SALLIE KIM
United States Magistrate Judge

8

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA
### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.  Class Actions: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

*Effective January 17, 2023*

14. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

16. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

19. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.